UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KENNETH RUSSELL**
**JACQUELYN RUSSELL**                                                                **PLAINTIFFS**

**v.**                                      **Case No. 2:19-cv-104-LPR**

**STEVENS TRANSPORT CD, INC. and**
**RACHEAL LEIBOVICH**                                                                 **DEFENDANTS**

### PROTECTIVE ORDER

A dispute has risen about the alleged confidentiality of certain documents that will or may be produced by the parties in discovery. The purpose of this Agreement and Order is to control the disputes by providing an agreed method of dealing with material alleged by a party to be confidential. This Agreement and Order is to preserve and maintain the confidentiality of certain limited confidential and proprietary which may be disclosed or obtained by the parties. The parties maintain such documents are commercially confidential or proprietary or contain trade secrets, and that releasing the documents to competitors or others would enable them to exploit this information for their own economic gain. The terms of confidentiality are as follows and apply to all parties:

1.     If a party believes documents produced in discovery legitimately qualify as confidential pursuant to the meaning of that term in Rule 26, the documents will be stamped or otherwise marked "Confidential" or "Subject to Protective Order," or will contain a similar designation to identify the documents to which this Protective Order applies. For the purposes of this Protective Order the terms "Confidential" and "Subject to Protective Order" mean the same thing. The parties understand the marking of "Confidential" or "Subject to Protective Order" on an item is a representation to the Court by counsel and the parties a good faith investigation has

been conducted and the information so marked has not previously been shared with the public. The purpose of this Order is to facilitate discovery, not give a party the blanket right to stamp non-confidential information as confidential just because it is easier.  The only exception to the stamping requirement is medical records, as there is no need to stamp medical records as confidential.  Those records by definition are to be treated as confidential and thus subject to the terms of this Order.  This Protective Order covers discovery (including but limited to depositions) and motions only.  This Protective Order does not cover trial.  If a party wants trial testimony or exhibits to be sealed, it must make such a motion closer to trial.

      2.      Counsel for the parties to this case and those assisting counsel, including experts and consultants, may use such documents in the ordinary course of the prosecution or defense of this litigation.  In connection with such use, the documents and other materials may be shown to the parties, counsel for the parties and their staffs, agents or representatives for the parties, experts retained by and assisting counsel in connection with this case, court reporters in connection with the taking of depositions, and to the Court and its staff.

      3.      The documents, or information contained therein, may not be further disseminated to any person or entity not approved in this Order without permission of the Court.

      4.      Any person or firm to whom such documents are to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any non-qualified person.

      5.      The production of such documents by a party shall not constitute a waiver of any privilege or claim or right of withholding or confidentiality it may have.

      6.      If a party disagrees with the designation of a record of document as "confidential", the party may request specific documents be removed from the protection of this Protective Order.

Such a request shall be made in writing (email is appropriate as well) to opposing counsel, and must contain a reasonable description of precisely what materials are at issue. If the parties are unable to resolve the issue through good faith negotiations within twenty (20) days of the party's receipt of any such request, the party desiring protection must take action by filing an appropriate motion to seek a judicial determination of the protected status of any document(s) at issue. If such a motion is filed, the document(s) at issue shall remain subject to this Protective Order until such time as the Court orders otherwise. If no timely motion is filed, the dispute is automatically resolved, and protection is waived.

7. Upon termination of this litigation, any confidential documents produced by a party and still subject to this Protective Order, including any copies, shall either be discarded or returned to counsel who produced them. Counsel or the party producing confidential documents may provide opposing parties a letter clarifying the documents and any copies have been destroyed. In the event a third party retains copies in violation of the Protective Order, and opposing counsel is aware of this, opposing counsel will provide counsel for the parties with the name and address of all such third parties. This paragraph does not apply to the Court or court staff.

8. After termination of this litigation, the provision of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties, their attorneys and experts for the enforcement of the provisions of this Protective Order.

ENTERED this 6th day of November 2020.

_____
HONORABLE LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

3

Approved By:

_____
Sheila Campbell
*Attorney for Plaintiffs*


_____
Bruce Munson
Emily Helmick Hart
*Attorney for Defendants*